UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Leo McClam,   #3147, | ) | C/A No. 3:08-2025-TLW-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Report and Recommendation |
| | ) | |
| Ms. NFN Sparks, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Introduction

The plaintiff, Leo McClam, proceeding *pro se*, brings this civil action concerning his conditions of confinement.[1] Plaintiff is civilly committed as a sexually violent predator ("SVP") to the South Carolina Department of Mental Health for treatment, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The plaintiff claims that the defendant improperly handled his medicines and thereby committed "medical neglect." Plaintiff seeks monetary damages and injunctive relief. The complaint should be dismissed for failure to state a claim upon which relief may be granted and for frivolousness.

*Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

The complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless. *Denton*, 504 U.S. at 31. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. *Id.*

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 127 S.Ct. 2197 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of

2

liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Discussion

The plaintiff is civilly confined at the Columbia Care Center, and the defendant apparently is employed as a staff member of that center. Compl. at p.2. The plaintiff is apparently in the Behavioral Disorders Treatment Program. *See McClam v. Chavez*, C/A No. 3:05-1795-TLW-JRM, 2006 WL 1663797 (D.S.C. 2006). In the case *sub judice*, the plaintiff's entire statement of claim is the following: "On 5-22-08, Nurse Sparks opened my medication and [distributed] it to me with Jerms [sic] on it. Nurse N.F.N. Sparks also did the same thing on or about 5-17-08, 5-16-08, 5-13-08 & 5-12-08." Compl. at p.3. The plaintiff seeks the following relief: a declaratory judgment that the defendant acted wrongfully; that the defendant pay $500 compensatory and punitive damages and $500 for neglect; that the defendant be fired from the Columbia Care Center; and that the Court order that the plaintiff open his own medications in front of the nurse. Compl. at p.5. Giving liberal construction to the *pro se* pleading, this Court gleans from the complaint that the plaintiff attempts to bring some type of federal question claim pursuant to 42 U.S.C. § 1983 based upon unconstitutional deliberate indifference to the plaintiff's serious medical need, which he denominates as "medical neglect or neglect."[2]

"Involuntarily committed mental patients retain a liberty interest in conditions of reasonable care and safety and in reasonably nonrestrictive confinement conditions." *See McClam v. Chavez*,

---

[2] "In the great run of pro se cases, the issues are faintly articulated and often only dimly perceived." *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

3

C/A No. 3:05-1795-TLW-JRM, 2006 WL 1663797 (D.S.C. 2006), *citing Youngberg v. Romeo*, 457 U.S. 307, 324 (1982). "Due process requires that the conditions and duration of confinement under the SVP Act bear some reasonable relation to the purpose for which persons are committed." *Id.* Because plaintiff's custody status resembles that of a pre-trial detainee, the plaintiff's conditions of confinement are to be evaluated under the due process clause of the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535, n. 16 (1979). *See also Patten v. Nichols*, 274 F.3d 829, 834 (4th Cir. 2001) (declaring that the Fourth Circuit applies the deliberate indifference standard to claims of denial-of-medical-care by pre-trial detainees). Under this standard, the inquiry is whether any defendant has been deliberately indifferent to plaintiff's serious medical or other needs. *See Waybright v. Frederick Co., Md.,* No. 07-1289, at 11 (4th Cir. June 2, 2008) (noting that the deliberate indifference standard applies where an individual and the state have a special relationship which is all but synonymous with a custodial relationship).

A review of the plaintiff's complaint and applicable legal precedents reveal beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *See Erickson v. Pardus*, 127 S.Ct. 2197 (2007); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *Barefoot v. Polk*, No. 07-6628, 2007 WL 2046729 (4th Cir. July 13, 2007). A confined plaintiff may state a claim for a constitutional violation if the plaintiff has or had a serious and apparent medical condition (objective component) and his custodian acted with deliberate indifference (subjective component). *See Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998); *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999). "'Deliberate indifference entails something more than mere negligence [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result.'" *Id*. (quoting *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)).

4

In other words, the denial of medical attention must be "both deliberate and without legitimate penological objective." *Grayson*, 195 F.3d at 695. "Deliberate indifference is a very high standard – a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (noting that ordinary lack of due care is not sufficient). Even drawing all reasonable factual inferences from the facts in the plaintiff's favor, the plaintiff's only allegations against the defendant sounds in negligence; he alleges no acts or omissions by the defendant except that she handed him medicine on five days that had germs on it. Accordingly, the plaintiff's claim which sounds solely in negligence is not cognizable pursuant to 42 U.S.C. § 1983, and it should be dismissed for failure to state a claim upon which relief may be granted.

The complaint should also be dismissed based upon frivolousness because, even weighing the plaintiff's factual allegations in his favor, the alleged facts describe fanciful, fantastic, or delusional scenarios – germs cannot be seen by the human eye. *See Brock v. Angelone*, 105 F.3d 952, 953-54 (4th Cir. 1997) (finding that prisoner's claim that he was being poisoned or experimented upon via an ingredient in pancake syrup served at his prison was fanciful or delusional, and the appeal was dismissed as frivolous with sanctions); *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990) (noting that facts must be delusional to be frivolous; for example, a prisoner petition asserting that Robin Hood and his Merry Men deprived the prisoner of his access to mail or that a genie granted a warden's wish...). *Cf. Sloan v. City of Asheville Police*, No. 91-6330, *available at* 1992 WL 212141 (4th Cir. 1992) (finding that factual deficiencies must normally wait until the defendant attacks the lack of details and that allegations by a homeless person that he was harassed by police is not inherently delusional).

Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **Plaintiff's attention is directed to the important notice on the next page.**

s/Joseph R. McCrorey
United States Magistrate Judge

June 30, 2008
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).